# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# DELTA DIVISION

| | |
|---|---|
| **KENNETH PYE** | **PLAINTIFF** |
| V. | NO. 2:10CV090-M-A |
| **DESOTO COUNTY, et al.** | **DEFENDANTS** |

## MEMORANDUM OPINION

This matter is before the court on the Plaintiff's motion for reconsideration. *See* 28 U.S.C. §§ 1915(e)(2) and 1915(A). The Plaintiff, who is currently incarcerated, filed this complaint pursuant to 42 U.S.C. § 1983. The Plaintiff complains of criminal charges brought against him, which were allegedly dismissed, for which he is seeking monetary damages. On June 24, 2010, his complaint was dismissed without prejudice so the underlying criminal charges could be resolved. The Plaintiff has now filed a motion for reconsideration of the dismissal suggesting that the criminal charges have been dropped.

After carefully considering the contents of the *pro se* complaint and giving it the liberal construction required by *Haines v. Kerner*, 404 U.S. 519, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972), this court has come to the following conclusion.

### Section 1983 is not Appropriate Method to Challenge a Conviction

Any challenge to the fact or duration of a prisoner's confinement is properly treated as a habeas corpus matter, whereas challenges to conditions of confinement may proceed under §1983. *Jackson v. Torres*, 720 F.2d 877, 879 (5th Cir. 1983). The relief sought by the prisoner or the label he places upon the action is not the governing factor. *Johnson v. Hardy*, 601 F.2d 172, 174 (5th Cir. 1979). The rule which the Court of Appeals for the Fifth Circuit follows in determining whether a prisoner must first obtain habeas corpus relief before bringing a § 1983 action is simple: "if a favorable determination would not automatically entitle the prisoner to accelerated release, the proper vehicle for suit is § 1983. If it would so entitle him, he must first get a habeas corpus

judgment." *Clarke v. Stalder*, 121 F.3d 222, 226 (5th Cir. 1997), *reh'g denied*, 133 F.3d 940 (1997) (*citing Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995), *cert. denied*, 116 S. Ct. 736, 133 L. Ed. 2d 686 (1996)).

The Plaintiff must first obtain habeas corpus relief before pursuing damages in a § 1983 action. *See Heck v. Humphrey*, 512 U.S. 477, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994). A cause of action under 42 U.S.C. § 1983 does not accrue until the plaintiff's conviction or sentence has been invalidated. *Id.* at 489-91. Although the Plaintiff alleges the criminal charges have been dismissed, even if the court elected to treat his complaint as a habeas petition, he still must first exhaust remedies available to him in state court. *See* 28 U.S.C. § 2254(b)(1) and (c); Miss. Code Ann. §§ 99-39-1 *et seq*. There is no proof or allegation that the Plaintiff has exhausted his claims. Accordingly, in either case, the Plaintiff's complaint is premature and would be subject to dismissal for these reasons. The motion for reconsideration is, therefore, denied.

A separate order in accordance with this opinion will be entered.

THIS the 23rd day of November, 2010

                                                  **/s/ MICHAEL P. MILLS**
                                                  **CHIEF JUDGE**
                                                  **UNITED STATES DISTRICT COURT**
                                                  **NORTHERN DISTRICT OF MISSISSIPPI**